UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 05-777-C

KCH SERVICES, INC.,                                                   PLAINTIFF,

V.               **MEMORANDUM OPINION AND ORDER**

VANAIRE, INC., ET AL.,                                      DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the defendants' motion for partial summary judgment on certain trade secret-related issues (R. 186), which the court construes as a motion for summary judgment based on judicial estoppel and a motion to dismiss Count III of the plaintiff's Amended Complaint. The court will deny the first motion and grant the second.

**I. Summary judgment based on judicial estoppel**

The defendant has moved the court to apply judicial estoppel to prevent the plaintiff from claiming that the software at issue is a trade secret. The argument is based on statements made by the president of KCH Services, Inc., Kenneth Hankinson, in a deposition in 1995. Application of the three factors the Sixth Circuit followed in *Pennycuff v. Fentress County Bd. Of Educ.*, 404 F.3d 447, 452 (6th Cir. 2005), and used by this court in its previous order (R. 109) shows that the plaintiff is not judicially estopped from asserting now that the software is a trade secret. Whether or not there are genuine issues as to any material fact, the defendants are not entitled to summary judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477

U.S. 317, 322-23 (1986).

First, the current position of the plaintiff is not "clearly inconsistent with its earlier position." *Pennycuff*, 404 F.3d at 452 (citing *New Hampshire v. Maine*, 532 U.S. 742, 751 (2001)). In the present case, the plaintiff asserts that the software is a trade secret. In a 1995 deposition, in response to the question, "[a]re there any other documents at KCH that KCH considers to contain trade secrets or confidential business information for which KCH seeks protection in this lawsuit?" Hankinson answered, "I'm not aware of any, no." Hankinson dep. 66:23-67:7. The software was not an issue in that dispute, and thus was not discussed as such in the deposition. Answering a question concerning the 1995 dispute, Kenneth Hankinson did not clearly state that the software, which is at issue now, is not a trade secret. Therefore, the plaintiff's position in 1995 and its position in the present case are not clearly inconsistent.

Second, KCH never successfully persuaded the previous court to accept its earlier position "so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that the first or second court was misled.'" *Pennycuff,* 404 F.3d at 452 (quoting *New Hampshire*, 532 U.S. at 750). There was no judicial acceptance in 1995 of KCH's position on the software. The 1995 dispute was resolved by settlement. *See KCH Services, Inc. v. Brooks, et. al.*, No. 3:95-cv-672-S, Order (R. 21), Dec 6., 1995. "If the initial proceeding results in settlement, the position cannot be viewed as having been successfully asserted." *Edwards v.*

*Aetna Life Ins. Co.*, 690 F.2d 595, 599 (6th Cir. 1982) (quoting *City of Kingsport v. Steel & Roof Structure, Inc.*, 500 F.2d 617, 620 (6th Cir. 1974)).[1] The Sixth Circuit places particular emphasis on prior acceptance, and "'judicial estoppel governs the dispute only if the first court adopted the position urged by the party, either as a preliminary matter or as a part of a final disposition.'" *Pennycuff*, 404 F.3d at 453 (quoting *Warda v. Commissioner*, 15 F.3d 533, 538 (6th Cir. 1994)). "Absent judicial acceptance of the inconsistent position, application of the rule is unwarranted because no risk of inconsistent results exists. Thus, the integrity of the judicial process is unaffected; the perception that either the first or the second court was misled is not present." *Edwards*, 690 F.2d at 599.

Third, and finally, the plaintiff would not 'derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.'" *Pennycuff*, 404 F.3d at 452 (quoting *New Hampshire*, 532 U.S. at 750). There is no unfair advantage or detriment to Vanaire if KCH is not estopped from asserting that the software is a trade secret. Vanaire never relied on the notion that the software is not a trade secret. Since the plaintiff's positions have not been clearly inconsistent, no court accepted its previous position, and the defendants will suffer no unfair advantage, the plaintiff is not judicially estopped from claiming that the software at issue is a trade secret. Thus, the defendants are not entitled to summary judgment as a matter of law. *See*

---

[1] *See also Konstantinidis v. Chen*, 626 F.2d 933, 939 (D.C. Cir. 1980) ("A settlement neither requires nor implies any judicial endorsement of either parties claims or theories, and thus a settlement does not provide the prior success necessary for judicial estoppel.").

3

Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## II. Pre-emption of Count III

The defendants move the court to dismiss Count III (Negligence) of the plaintiff's Amended Complaint on the grounds that it is absorbed by Count I (violation of the Kentucky Uniform Trade Secrets Act). Count III (Negligence) of the plaintiff's complaint is indeed pre-empted by Kentucky Revised Statutes, sections 365.800 to 365.900 ("KUTSA"). *See* Ky. Rev. Stat. § 365.892.

With few exceptions, KUTSA "replaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret." Ky. Rev. Stat. § 365.892(1); *see also Auto Channel, Inc. v. Speedvision Network, LLC*, 144 F. Supp. 2d 784, 789 (W.D. Ky. 2001). KUTSA does not necessarily pre-empt all causes of action that relate to trade secrets; rather, if the misappropriation of trade secrets forms only one element of a claim, then KUTSA may not pre-empt such a claim. *See Auto Channel*, 144 F. Supp. 2d at 789; *see also Greif v. MacDonald*, 2007 WL 679040, at *1 (W.D. Ky. 2007) (citing *Auto Channel*, and finding that KUTSA pre-empts claims only insofar as they are based on the misappropriation of trade secrets).

Count III (Negligence) of the plaintiff's Amended Complaint alleges that the defendants breached a duty to the plaintiff by negligently failing to develop, employ, and have in place policies, procedures, or a code of ethics to ensure that employees did not misappropriate trade secrets. Its factual underpinning is the same as that of Count I (violation of KUTSA): the misappropriation of secret software from one

company to another.  Count I (violation of KUTSA) alleges that the defendants misappropriated trade secrets; Count III (Negligence) alleges that defendants were negligent in allowing misappropriation of trade secrets.  Subsumed in the defendants' duty not to violate KUTSA is the duty to make efforts to keep its employees from violating KUTSA.  While Count III is not a recitation of KUTSA language, neither does it discuss any other set of facts that would move it from the pre-emptive domain of KUTSA.[2]  Arising from misappropriation of trade secrets, it merely describes with more specificity an aspect of the breach of duty alleged in Count I.  So basic is misappropriation to the negligence claim, if the plaintiff loses Count I (violation of KUTSA), then it could not recover on Count III (Negligence).  The plaintiff's negligence claim is a classic tort the statute is designed to preclude.[3]  *See* Ky. Rev. Stat. § 365.892(1).  Accordingly,

**IT IS ORDERED** that the defendants' motion for summary judgment based on judicial estoppel (R. 186) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion to dismiss Count III of the plaintiff's Amended Complaint (R. 186) is **GRANTED**.

---

[2]The plaintiff's argument that its negligence claim is based on further facts related to the defendants' hiring of its former employees does not save Count III from pre-emption.  Other than incorporation by reference of the entire fifty-four paragraphs preceding it, Count III does not discuss hiring, and the circumstances of such hires do not form the basis for the specific tort alleged.

[3]*See, e.g., Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.*, 318 F. Supp. 2d 216, 220-21 (D. Del. 2004) (discussing a negligence claim pre-empted by California Uniform Trade Secrets Act).

5

Signed on  July 8, 2009

*Jennifer B. Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**