UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 05-777-C**

**KCH SERVICES, INC.,** **PLAINTIFF,**

**V.**   **MEMORANDUM OPINION AND ORDER**

**VANAIRE, INC., ET AL.,** **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the defendant Guillermo Vanegas Sr.'s motion for summary judgment (R. 187). The court will deny the motion because, contrary to this defendant's claim, a dispute exists as to the extent of Vanegas Sr.'s control over Vanaire, Inc. and his potential liability.

In response to the defendant Vanegas Sr.'s motion, the plaintiff highlights dozens of statements from deponents revealing diverse aspects of Vanegas Sr.'s exercise of authority within Vanaire, Inc.. The plaintiff has come forward with more than a scintilla of evidence, and enough on which a jury could reasonably find in its favor on the issue. *See* Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The inference drawn from the defendant Vanegas Sr.'s activity with the defendant Vanaire, viewed in a light most favorable to the plaintiff, is that it was so extensive as to render Vanegas Sr. partially responsible for the tortious activity alleged. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986) (quoting *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). The genuine issues as to

material facts that exist concerning Vanegas Sr.'s liability under Kentucky common and statutory law include but are not limited to 1) his control over the company; 2) his involvement in recruiting, hiring, and setting terms for employees who had worked for the plaintiff; and 3) his knowledge of appropriation of any trade secrets by Vanaire from the plaintiff.[1] *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Accordingly,

**IT IS ORDERED** that the defendant Guillermo Vanegas Sr.'s motion for summary judgment (R. 187) is **DENIED**.

Signed on July 9, 2009

*Jennifer B. Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**

---

[1] *See generally White v. Winchester Land Development Corp.*, 584 S.W. 2d 56, 61 (Ky. Ct. App. 1979) (discussing theories of shareholder liability); *Peters v. Frey*, 429 S.W.2d 847, 849 (Ky. 1968) (stating that an agent of a corporation is personally liable for a tort committed by him although he was acting for the corporation) (citing *Murray v. Cowherd*, 147 S.W. 6 (Ky. 1912)).