UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 05-777-C**

**KCH SERVICES, INC.,** **PLAINTIFF,**

**V.**     **MEMORANDUM OPINION AND ORDER**

**VANAIRE, INC., ET AL.,** **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the defendants' motion for partial summary judgment on the plaintiff's unfair competition claim (R. 182). The court will deny the motion because contrary to the defendants' claims, a dispute exists concerning the circumstances of former KCH Services, Inc. employees' employment with the defendant Vanaire, Inc.

The court previously dismissed Count VI of the plaintiff's Second Amended Complaint (Unfair Competition) to the extent it is based upon the alleged misappropriation of a trade secret. *See* R. 109. What is left in Count VI are the plaintiff's allegations that the defendants not only gained "specialized nonproprietary and specialized non-trade secret information,"[1] but that they "effectively transfer[ed]

---

[1] "'Trade secret' means information, including a formula, pattern, compilation, program, data, device, method, technique, or process, that: (a) [d]erives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (b) [i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Ky. Rev. Stat. § 365.880(4).

to KCH the ongoing upfront costs and extensive time period of educating...said employees," and gained "an ongoing evolving understanding of the inner workings at KCH, including business and marketing strategies, client relationships, and other information." *See* R. 67.

In response to the defendants' motion for summary judgment, the plaintiff has highlighted passages from depositions and produced other documents describing the circumstances of what former KCH employees took to Vanaire. *See* R. 199. The plaintiff has come forward with more than a scintilla of evidence, and enough on which a jury could reasonably find in its favor on the issue. *See* Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The inference drawn from the evidence with which the plaintiff has responded, viewed in a light most favorable to the plaintiff, is that the defendants raided[2] the plaintiff's employees, departed from "common business integrity,"[3] and reaped the benefit while injuring the plaintiff. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986) (quoting *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). The genuine issues as to material facts

---

[2] Though the defendants emphasize the lapse in time between when employees stopped working for KCH and when employees started working for Vanaire, gaps in dates of employment between parties is not dispositive of the claim. *See, e.g.*, *Rohm and Haas Co. v. Adco Chemical Co.,* 689 F.2d 424, 428 (3d Cir. 1982) (Employee had held two jobs since leaving the plaintiff employer, and had been unemployed for long periods before hired by the defendant.).

[3] *Acy v. Whaley*, 136 S.W.2d 575, 577 (Ky. 1940).

2

that exist concerning the defendants' liability[4] include but are not limited to 1) the significance to all parties of each employee who worked for the plaintiff but was subsequently employed by the defendant Vanaire, Inc.; 2) the nature and value of what each employee took from one company and brought to the other; 3) motivations of the defendants in hiring the employees; 4) circumstances surrounding the institution and nature of any preventive maintenance or like programs by the defendants; and 5) circumstances surrounding the award of the F-16-related contract. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Accordingly,

**IT IS ORDERED** that the defendants' motion for partial summary judgment (R. 182) on the plaintiff's unfair competition claim is **DENIED**.

Signed on  July 14, 2009

**Jennifer B. Coffman, Judge**
**United States District Court**

---

[4]"Kentucky law has only recognized the claim of unfair competition in the realm of trademarks, defining it 'as passing off, or attempting to pass off, upon the public the goods or business of one man as being the goods or business of another.'" *Auto Channel, Inc. v. Speedvision Network, LLC*, 144 F.Supp. 2d 784, 789-90 (W.D. Ky. 2001) (quoting *Newport Sand Bank Co. v. Monarch Sand Min. Co.*, 137 S.W. 784, 785 (Ky. 1911)). "The Restatement of Unfair Competition adopts a broader view, imposing liability for unfair competition where harm results from the deceptive marketing, trademark infringement, or appropriation of intangible trade values, including trade secret," *Auto Channel*, 144 F.Supp 2d at 790, "or from other acts or practices of the actor determined to be actionable as an unfair method of competition, taking into account the nature of the conduct and its likely effect on both the person seeking relief and the public," including those acts or practices "actionable by…general principles of common law." Restatement (Third) of Unfair Competition § 1(a)-(b) (1995).