UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 05-777-C**

**KCH SERVICES, INC.,** **PLAINTIFF,**

**V.** <u>**MEMORANDUM OPINION AND ORDER**</u>

**VANAIRE, INC., ET AL.,** **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the plaintiff's motion for default judgment, sanctions, or an adverse-inference instruction due to the spoliation of evidence, refusal to provide discovery, and obstructionist tactics to block or impede discovery by the defendants (R. 179). The court will grant the plaintiff's motion to the extent that the plaintiff will be entitled to an adverse-inference instruction to the jury at trial.

In October 2005, plaintiff KCH Services Inc.'s president, Kenneth Hankinson, telephoned the defendant Guillermo Vanegas, Sr., notifying Vanegas, Sr. of his belief that defendant Vanaire, Inc. was using KCH's software. *See* Hankinson Dep. 262:2-15, Oct. 17, 2007; Vanegas, Jr. Dep. 151:3-152:3, Nov. 1, 2007. Vanegas, Sr. then spoke with employees at Vanaire, instructing them to delete from Vanaire's computers any software that he did not purchase or did not own. *See* Vanegas, Jr. 30(b)(6) Dep. 68:3-6, Nov. 1, 2007; Vanegas, Jr. Dep. 151:19-152:3. The plaintiff filed a complaint on November 23, 2005, and sent an evidence-preservation letter to the defendant on December 14, 2005. *See* R. 1.

The federal law of spoliation governs in this case. *See Adkins v. Wolever*, 554

F.3d 650, 652 (6th Cir. 2009). "As a general matter, it is beyond question that a party to civil litigation has a duty to preserve relevant information, including ESI, when that party 'has notice that the evidence is relevant to litigation or...should have known that the evidence may be relevant to future litigation.'" *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008) (quoting *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001)).[1]

Hankinson's telephone call to Vanegas, Sr. in October 2005 should have put the defendants on notice that issues of software may be relevant to future litigation. For the duty to preserve to have attached, it is not required that Vanegas, Sr. actually knew that litigation was on the horizon, or that the software would be relevant, but only that he "should have known" the software "may be" relevant to future litigation. *Id*. In October 2005, the defendants were familiar with their competitor's willingness and ability to file suit; Vanegas, Sr. had been personally involved with Vanaire during the 1995 litigation with KCH. *See KCH Services, Inc. v. Brooks, et. al.*, No. 3:95-cv-672-S, Dep. (R. 19), Dec 4., 1995. Even with such experience, Vanegas, Sr. ordered the software deleted immediately after the telephone call, before KCH had an

---

[1]The Sixth Circuit also cites *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216-18 (S.D.N.Y. 2003), an employment discrimination case, in which the duty to preserve arose as soon as the plaintiff's superiors became reasonably aware of the of the possibility of litigation, rather than when an EEOC complaint was filed months later. *See Goetz*, 531 F.3d at 459 (6th Cir. 2008). *See generally* The Sedona Principles: Best Practices Recommendations & Principles for Addressing Electronic Document Production, Second Edition 11, 28 (The Sedona Conference Working Group Series, 2007), available at http://www.thesedonaconference.org/content/miscFiles/TSC_PRINCP_2nd_ed_607.pdf.

opportunity to inspect.[2] Vanegas Sr.'s conversations with Vanaire employees and other correspondence among Vanaire employees[3] immediately after Hankinson's telephone call show clearly that the defendants were, in fact, alerted to the problem and saw it as such.

After the plaintiff filed the complaint on November 23, 2005, the defendants not only "should have known" that e-mail and other electronic evidence concerning the plaintiff's claims "may be" relevant to litigation, but had notice that they were relevant to litigation. *See Goetz,* 531 F.3d at 459. However, the defendant Vanaire, Inc. failed to preserve them by continuing to delete and overwrite, even after receipt of a preservation letter. *See* Vanegas, Jr. 30(b)(6) Dep. 211:10-18. The defendants' conduct in regard to electronically stored evidence falls beyond the scope of "routine, good faith operation of an electronic information system." *See* Fed. R. Civ. P. 37(e). Vanegas Sr.'s order to delete the software and the defendants' continued unwillingness to place a meaningful litigation hold on relevant electronic information after being placed on notice resulted in a loss of evidence relevant to the plaintiff's case. Whether the evidence was lost in good faith or was "an intentional attempt to destroy evidence," *Fujitsu,* 247 F.3d at 436, the plaintiff is bereft of the very subject

---

[2] *Cf. Fujitsu*, 247 F.3d at 435-36 (2d Cir. 2001) (Trial court denied sanctions where the defendant destroyed evidence but not before the plaintiff had an opportunity to inspect.).

[3] *See, e.g.,* e-mail from Scott Freeman to Guillermo Vanegas, Ray Steele, Gary Vanegas, and Michael Vanegas (Oct. 17, 2005, 11:45 a.m.) ("I am currently working with Keith to insure [sic] there is nothing left on the computers....").

3

of the litigation as well as any e-mail correspondence contemporaneous to the software's installation and use.[4]

"A proper spoliation sanction should serve both fairness and punitive functions." *Adkins*, 554 F.3d at 652 (citing *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995)). In fashioning a remedy for spoliation, courts generally consider whether the spoliation was prejudicial, whether it can be cured, the importance of the missing evidence, whether the spoliating party was acting in good faith or bad faith, and the deterrent effect of the remedy compared with a lesser sanction. *See Ware v. Seabring Marine Indus.*, 2006 WL 980735 at *3 (E.D. Ky. 2006). In this case, even though the spoliation of the software and the e-mail was prejudicial to the plaintiff and cannot be fully cured, default judgment for the plaintiff is not warranted because a less drastic measure will redress the spoliation.[5] An adverse-inference instruction concerning the software and e-mail will fairly compensate the plaintiff for lost evidence that may have been presented to the jury.

The plaintiff's protests concerning other discovery refusals and general

---

[4]For example, the evidence of software on Vanaire's computers may have been important for the plaintiff to show that it is the same software that originated at KCH and that it was used by Vanaire in "layout," resulting in enhanced profits vis-à-vis KCH, Vanaire's competitor in the industry. The deleted e-mails may have been relevant to the plaintiff's other claims, such as unfair competition.

[5]*See, e.g., Lexington Ins. Co. v. Tubbs*, 2009 WL 1586862 (W.D. Tenn. 2009) (entitlement to a negative-inference instruction that discarded furniture would have provided favorable evidence to the defendant concerning the cause of a fire); *Ware*, 2006 WL 980735 (grant of a "missing evidence" instruction allowing an inference adverse to the defendants that discarded boat struts were defective).

obstructionism by the defendants aim at the same underlying issue as spoliation of evidence, and are thus addressed by this order. Accordingly,

**IT IS ORDERED** that the plaintiff's motion for default judgment, sanctions, or for an adverse-inference instruction (R. 179) is **GRANTED** to the extent that the plaintiff will be entitled to an adverse-inference instruction to the jury at trial, and is otherwise **DENIED**.

**IT IS FURTHER ORDERED** that within ten (10) days of the date of entry of this order the parties will advise the court of dates they will be available and estimated number of days needed for trial.

Signed on July 21, 2009

*Jennifer B. Coffman*

**Jennifer B. Coffman, Judge**
**United States District Court**

5